ERNEST NOSKER et v ROBERT S. NOSKER et

Ohio Appeals, 9th Dist, Wayne Co
No 865. Decided April 23, 1930

Hiram B. Swartz, Wooster, for plaintiffs.

Weiser & Weimer, Wooster, for Defendant Robert S. Nosker.

Critchfield, McSweeney & Critchfield, Wooster, for Defendant Carolyn Nosker.

PER CURIAM

From the evidence introduced in the trial of this action in this court and the admissions of counsel, we find that said allegations of the answer are true and that this action, so far as the parties to it are concerned, is a collusive one.

A suit is collusive when brought by seemingly adverse parties under secret agreement and co-operation, with a view to having some legal question decided which is not involved in a real controversy between them.

In this case, the evidence conclusively shows that the suit was brought in the Court of Common Pleas for the sole purpose of affecting the rights of Carolyn Nosker, with the implied, if not express, understanding between plaintiffs and Robert S. Nosker that he would not contest the same and that it should affect only the rights of Carolyn Nosker.

But it is claimed that in this court the suit has ceased to be collusive and has become adversary, for the reason that plaintiffs are now prosecuting the same for the purpose of obtaining relief against their father, Robert S. Nosker.

With this contention we cannot agree. When brought the suit was clearly collusive and the sole purpose in bringing it was to affect the rights of Carolyn Nosker. It was such collusive action that was tried in the Court of Common Pleas, and it was such collusive action that was appealed to this court, and the element of affecting the rights of Carolyn Nosker and the alimony settlement made between her and Robert S. Nosker is still present in the case; and the fact that Robert S. Nosker does not desire to carry out the dishonest arrangement made by him in fraud of the rights of his wife, does not work a change in the character of the action.

Where there is secret or dishonest arrangement in fraud of the rights of another, there is collusion, and a suit brought in pursuance of and in carrying out such collusive arrangement, should not be entertained either by the trial or appellate courts.

The petition of the plaintiffs will therefore be dismissed, at their costs.

Funk, PJ., Pardee, J., and Washburn, J., concur.